UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL GOMA,<br><br>                    Plaintiff,<br><br>v.<br><br>AMERICAN SEAFOODS COMPANY, LLC<br>and NORTHERN HAWK, LLC in personam;<br>et al.,<br><br>                    Defendants. | C07-2077Z<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)   Plaintiff's motion to compel, docket no. 27, is DENIED IN PART and STRICKEN IN PART as follows.

(a)   Plaintiff's motion to compel a response to Interrogatory No. 5, asking in relevant part whether "defendant or any one acting on its behalf conducted a surveillance of the plaintiff," is denied. The interrogatory seeks information protected from disclosure by the work product doctrine. _See_ Fed. R. Civ. P. 26(b)(3); _see also Fletcher v. Union Pac. R.R. Co._, 194 F.R.D. 666, 670 (S.D. Cal. 2000); _MacInvor v. S. Pac. Transp. Co._, 1988 WL 156743 at *2 (D. Or.). Plaintiff would be entitled to such discovery in only two circumstances: (i) if defendant intends to proffer surveillance results as either substantive or impeachment evidence; _see MacIvor_, 1988 WL 156743 at *2 (directing the defendant to produce any surveillance materials it intended to offer as substantive evidence); _see also Forbes v. Hawaiian Tug & Barge Corp._, 125 F.R.D. 505, 508 (D. Haw. 1989) (requiring the production of surveillance movies, provided that the impeaching character was preserved via, for example, allowing the defendant to conduct a post-film, pre-disclosure deposition of the plaintiff); _compare Harrison v. Taiwan Super Young Co._, 1997 WL 3627 (9th Cir.) (affirming the admission of a "day-in-the-life" videotape, which was not disclosed before trial, as impeachment evidence); or (ii) if defendant does not intend to introduce such evidence, but plaintiff satisfies the "substantial need" and "undue hardship" standards

MINUTE ORDER   1–

permitting the piercing of the work product privilege; *see* Fed. R. Civ. P. 26(b)(3)(A)(ii); *see also Fletcher*, 194 F.R.D. at 670-71.  On this record, plaintiff has not met the criteria for forcing defendant to disclose work product that it does not anticipate using at trial.  To the extent defendant intends to offer surveillance results as either substantive or impeaching evidence, defendant shall provide notice to plaintiff by the dispositive motions filing deadline.  Defendant shall make all surveillance materials that it intends to use as evidence available for plaintiff's counsel's inspection at least thirty (30) days before the mediation deadline.

(b) Plaintiff's motion to compel production of "all crew lists in effect aboard the vessel for September 2007" is STRICKEN as moot.  Defendant has provided the requested crew list as Exhibit 7 to its response brief.  Plaintiff's request for *inter alia* names, addresses, and telephone numbers is worded in the alternative, to be produced only if "crew lists were not maintained."

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Filed and entered this 9th day of September, 2008.

BRUCE RIFKIN, Clerk

By s/ Claudia Hawney
Claudia Hawney
Deputy Clerk

MINUTE ORDER   2–